

**FILED**
July 25, 2024 12:20 PM
ST-2022-CR-00069
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| PEOPLE OF THE VIRGIN ISLANDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. ST-21-CR-0380 |
| ) | CASE NO. ST-22-CR-0068 |
| MICAIAH COZIER ) | CASE NO. ST-22-CR-0069 |
| AKENDA WEEKS ) | CASE NO. ST-22-CR-0091 |
| JAHMAR LEWIS ) | |
| JUNIOR GARCIA ) | |
| ) | **Cite as 2024 Super 27** |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

**BEFORE THE COURT** is Defendant Jahmar Lewis's ("Lewis") Motion to Sever.[1] The

People filed an opposition to Lewis's motion and requested permission to transcribe Junior Garcia's

("Garcia") videotaped statements and to redact the statements to address the issues raised by Lewis.[2]

The Court deferred its decision on the motion to sever and granted the People's request to transcribe

and redact Garcia's confessions. The Court also ordered the People to provide copies of the transcripts

of Garcia's unredacted statements and statements with the proposed redactions to the Court and

Defendants.[3] On May 31, 2024, the People filed with the Court a redacted transcribed version of

Garcia's September 28, 2022, statement that they intend to use as evidence at the joint trial, along

with the unredacted version for comparison. Lewis filed his objections to the redactions on June 10,

---

[1] Akenda Weeks ("Weeks") and Micaiah ("Cozier") joined in Lewis's motion to sever. However, on July 3, 2024, Cozier filed a motion for change of plea, and a change of plea hearing was held on July 16, 2024.

[2] The *Bruton* issues raised by Lewis will only arise during the trial if the People seek to introduce Garcia's statement and Garcia does not testify. If Defendant Garcia testifies at the trial, he would be subject to cross-examination, avoiding any Sixth Amendment Confrontation Clause issue. And, if the People decide not to use Garcia's confession at the joint trial, no *Bruton* concerns will arise.

[3] Rule 14(b) of the Virgin Islands Criminal Rules of Civil Procedure permits the "court to order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.'

2024. On June 21, 2024, the People filed a Notice of Filing Proposed Jury Instruction to be used in conjunction with the redacted statement.[4] The Court held a hearing on the People's proposed redactions and Lewis' objections to the redactions on June 25, 2024. After the hearing, the People, in response to some of the concerns raised by Lewis, filed an amended redacted transcript of Garcia's statement. In an Order issued on July 1, 2024, the Court denied Lewis's motion to sever. This memorandum opinion explains the Court's reasons for denying the motion to sever.

## I.    FACTUAL BACKGROUND

Based on the allegations in the Probable Cause Fact Sheet and Information, Defendants Cozier, Weekes, Lewis, and Garcia participated in a daring armed robbery of Glitters Jewelry Store in the area of the Havensight Shopping Mall and cruise ship dock in St. Thomas. The robbery occurred on December 4, 2021, at approximately 11:00 a.m., at the height of the holiday season, while residents and tourists were shopping or conducting business in the area. Multiple witnesses informed officers that the robbers were four black males, all dressed in black and carrying automatic rifles. During the robbery, two people were shot. One victim died from her injuries, and the other victim suffered critical injuries but survived. Law enforcement obtained and reviewed surveillance footage of the robbery and subsequently identified Defendants. Detectives interviewed Garcia's mother and Garcia, who was a minor at the time. Defendant Garcia, after being advised of his constitutional rights and with his attorney present, agreed to speak to law enforcement regarding the events leading up to the robbery and what transpired at the robbery. Garcia's confession identified and implicated Cozier, Weeks, and

---

[4] The proposed jury instruction mirrors the jury instruction from the United States Court of Appeals for the Third Circuit. See Model Criminal Jury Instructions, Chapter 4. Final Instructions: Consideration Of Particular Kinds of Evidence, 4.33 Prior Statement of Non-testifying Defendant in Multi-Defendant Trial. https://www.ca3.uscourts.gov/model-criminal-jury-table-contents-and-instructions.

Lewis in the robbery and murder. The People have charged Defendants with multiple serious crimes, including murder in the first degree, attempted murder in the first degree, assault in the first degree, kidnapping, robbery, grand larceny, reckless endangerment, use of a firearm during the commission of various crimes, unauthorized possession of ammunition, unlawful entry, aiding and abetting of the crimes and conspiracy.

## II.    STANDARD FOR GRANTING MOTION TO SEVER

The Virgin Islands Rule of Criminal Procedure 8(b) provides for the joinder of multiple defendants in a single trial:

> The information may charge two or more defendants if they are alleged to have participated in the same act or transactions or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

V.I.R. CRIM. P. 8(b). The practice of conducting joint trials is motivated by the public interest as it helps in avoiding lengthy and costly legal proceedings. By conducting joint trials, the need to recall witnesses for multiple separate trials is eliminated. This not only saves the court time and resources but also reduces the burden on jurors who would otherwise have to make a myriad of sacrifices if recalled to serve on multiple juries. It is important to note that joint trial is the standard rule, while severance of cases into individual trials is considered an exception to this norm. *Gov't of the V.I. v. Petersen*, Nos. 156/1985, 157/1985, 158/1985, 1985 V.I. LEXIS 47, at *3 (V.I. Super. Ct. July 16, 1985) ("Joint trial is the rule; severance is the exception which applies where joinder of defendants yields such prejudice to a defendant as to deny him his fundamental right to a fair trial.") Joint trials are particularly preferred when the codefendants are jointly charged, the same evidence can prove the

charges against each defendant, and the charges arise from the same occurrence, transaction, or series of events. *Id.*

"If the joinder of offenses or defendants in an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." V.I.R. CRIM. P. 14(a). "For a defendant to prevail on a motion to sever pursuant to Rule 14, s/he has a heavy burden and must pinpoint clear and substantial prejudice resulting in an unfair trial." *People v. Roberts*, SX-14-CR-136, SX-14-CR-137, SX-14-CR-144, 2016 V.I. LEXIS 232, *2 (V.I. Super. Ct. Oct. 25, 2016) (quoting *United States v. Quintero*, 38 F.3d 1317, 1343 (3d Cir. 1994)). "[T]the prejudice allege must outweigh the underlying purposes of joinder." *Gov't of the V.I. v. Petersen*, 1985 V.I. LEXIS at *4.

## III.    DISCUSSION

"The Confrontation Clause[5] prohibits the admission of an individual's testimonial statement against the accused when that individual does not appear at trial, unless he is unavailable to testify, and the defendant has had a prior opportunity for cross-examination." *Browne v. People of the Virgin Islands*, 56 V.I. 207, 222 (V.I. 2012) citing *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). Thus, where "two or more defendants are tried jointly, the pretrial confession of one cannot be admitted against the other unless the confessing defendant takes the stand." *Richardson v. Marsh*, 481 U.S. 200, 206, 109 S. Ct. 1702, 95 L. Ed. 2d 176 (1987). A custodial examination and formal statement to law enforcement constitute a testimonial statement. *Browne. v People*, 56 V.I. 207 at 222. Garcia's mirandarized confession to the VIPD, in the presence of his

---

[5] The Confrontation Clause of the Sixth Amendment states, "[i]n all criminal prosecutions, the accused shall enjoy the right...to be confronted with the witnesses against him."  U.S Const. amend VI.

attorney, is unquestionably testimonial and is protected by the Confrontation Clause of the Sixth Amendment, which explicitly prohibits the introduction of out-of-court testimonial statements as evidence unless the witness is unavailable and the defendant has had the opportunity to cross-examine them.

Lewis argues that Garcia's confession implicating him and other co-defendants would be prejudicial if Garcia— the confessor—did not take the stand, depriving them of the opportunity to cross-examine and confront Garcia. Lewis further argues that the admission of Garcia's confession to law enforcement will present strong evidence against the co-codefendants and potentially assist the government in leveraging a conviction against them at trial. He cites *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968), to support his argument that if a joinder of defendants appears to prejudice a defendant, the court may sever the defendant's trial. Lewis also contends that the People cannot use evidence admissible only against a co-defendant to convict Lewis. Lewis surmises that in light of the *Bruton* concerns, the best corrective measure is severance.

This case, however, is notably different from *Bruton*. In *Bruton*, defendant Bruton and his co-defendant were convicted in a joint trial. At the trial, the government introduced the codefendant's oral confession through a postal inspector who testified that Bruton's codefendant orally confessed to him that he and Bruton committed the armed postal robbery. Neither Bruton nor his codefendant testified. The trial court issued a limiting jury instruction and instructed the jury that although the codefendant's confession was competent evidence against the codefendant, it was inadmissible hearsay against Bruton and had to be disregarded in determining Bruton's guilt or innocence. *Bruton v. U.S.*, 391 U.S. at 124 -125. The United States Supreme Court reversed Bruton's conviction, holding that despite the limiting instruction, the introduction of the codefendant's out-of-court confession at

the trial violated Bruton's Sixth Amendment right to cross-examine witnesses against him. It held that the codefendant's confession implicating Bruton was substantially prejudicial enough to warrant severed trials because the confessing codefendant exercised his Fifth Amendment protection against self-incrimination and did not take the stand or otherwise submit to cross-examination, depriving Bruton of his right to confrontation. *Bruton v. U.S.,* 396 U.S. at 135-137. The Court further held that the judge's jury instruction to disregard the confession as to Bruton did not cure Bruton's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment. *Id.*

As to Lewis's argument that Garcia's modified statement directly implicates him and his co-defendants, the Court is not so persuaded. Unlike *Bruton*, the People have submitted a redacted statement of codefendant Garcia, which supports their representation that they do not intend to admit a facially incriminating statement of a non-testifying codefendant into evidence against Lewis. The redacted statement removes all co-defendant's names and substitutes their name for neutral nouns or pronouns such as other person, other people, he, him, them, and they. Additionally, Lewis and the People have provided the court with the proposed jury instruction, which is often used in the Third Circuit when a prior statement of a non-testifying codefendant is introduced in a multi-defendant trial. Considering the proposed limiting jury instruction and the redactions, which do not directly identify co-defendants, Lewis's reliance on *Bruton* is misplaced.

In three separate instances, the United States Supreme Court carefully scrutinized the redacted statement of a codefendant who did not testify, which was presented as evidence during a joint trial. In *Richardson v. Marsh*, supra, the Supreme Court had to consider whether *Bruton* requires the same result when the co-defendant's confession is redacted to omit any reference to the Defendant, but the defendant is nonetheless linked to the confession by evidence properly admitted against him at trial.

*Richardson* v. Marsh, 481 U.S. at 202. In *Richardson*, defendant Marsh and a co-defendant were tried together. The codefendant's confession was redacted to omit any reference to Marsh, and any evidence of his existence was omitted. The co-defendant did not testify, and the jury was given a limiting instruction directing them not to use the codefendant's confession in any way against Marsh. After Marsh was convicted of two counts of felony murder and one count of assault with intent to commit murder and his direct state appeals were unsuccessful, he filed a habeas corpus petition alleging that the introduction of the codefendant's confession violated his Sixth Amendment rights to confrontation. *Richardson v. Marsh*, 481 U.S. at 202-206. The Supreme Court of the United States ruled that the Sixth Amendment's Confrontation Clause is not violated when a non-testifying codefendant's confession is admitted during a joint criminal trial, as long as the confession is redacted to remove any reference to the defendant and the jury is given a proper instruction not to use the confession against the defendant. It explained that it was proper to presume that the jury would obey the limiting instruction, and the improbability that a jury would be able to disregard a codefendant's expressly incriminating confession did not apply to a confession from which every reference to the defendant had been redacted. *Id.* The *Richardson* Court specifically distinguished *Richardson* from *Bruton*:

> There is an important distinction between this case and *Bruton*, which causes this case to fall outside of the narrow exception we have created. In *Bruton*, the codefendant's confession 'expressly implicated' the defendant as his accomplice. Thus, at the time that confession was introduced there was not the slightest doubt that it would prove 'powerfully incriminating.' By contrast, in this case the confession was not incriminating on its face, and became so only when linked with evidence introduced later at trial (the defendant's own testimony).

*Richardson v. Marsh*, 481 U.S. at 208.

In *Richardson*, the court pointed out that the "calculus changes when confessions that do not name the defendants are at issue." *Id.* at 211. In other words, with appropriate redactions, a nontestifying codefendant's confession can be admitted at trial without violating the *Bruton* rule. In *Richardson*, the Supreme Court categorically characterized *Bruton* as a "narrow exception" to the "invariable assumption of the law that jurors follow their instructions." *Id.* at 206-207. This case does not fall within *Bruton's* narrow exception. The People have provided the Court and the parties with Garcia's redacted statement. The proposed redacted statement does not name or explicitly incriminate any of the Defendants. With the redactions and appropriate limiting instruction, the pitfalls identified in *Bruton* are obviated.

After *Richardson*, the Supreme Court considered the redactions in *Gray v. Maryland*, 523 U.S.185, 118 S. Ct. 1151, 140 L. Ed. 2d 294 (1998). In *Gray*, the Supreme Court of the United States again had to consider whether a nontestifying codefendant's redacted confession at a joint trial, with the defendant's name replaced with obvious indications of alteration, violated the Sixth Amendment's confrontation clause. In *Gray*, the trial court permitted the state to introduce a redacted version of the nontestifying codefendant's confession, with codefendant Gray's name substituted with a blank space or the word "deleted." The Court gave a limiting instruction that the confession be used only against the codefendant. The jury convicted both defendants. *Gray v. Maryland*, 23 U.S. at 188-189. The Supreme Court held that the non-testifying codefendant's confession fell within the *Bruton* rule as the nonconfessing defendant's name was replaced with an obvious blank space, a word such as "deleted," a symbol, or other similarly obvious symbols of alteration. *Id.* at 192. The Supreme Court found that the *Gray* redactions were similar enough to Bruton's unredacted confessions to warrant the same legal result. *Id.* The People's redactions, unlike the redactions in *Gray*, do not replace a

proper name with an obvious blank, the word "delete," or a symbol. In *Gray*, the Court noted that rather than the answer "Me, deleted, deleted and a few other guys," the witness could have instead said "Me and a few other guys." *Id.* at 196. The People's redactions are not like those in *Gray* and more like the example suggested by the court in *Gray*.

More recently, in *Samia v. United States*, 599 U.S. 635, 143 S. Ct. 2004, 216 L. Ed. 2d 597 (2023), the Supreme Court of the United States had to address the issue of whether the Sixth Amendment Confrontation Clause bars the admission of a non-testifying codefendant's confession where the confession had been modified to avoid directly identifying the non-confessing codefendants and the trial court offered limiting instructions that jurors could consider the confession only with respect to the confessing codefendant. In *Samia*, Samia and his codefendants Hunter and Stillwell were charged in a multicount indictment with, among other offenses, conspiracy to commit murder-for-hire, murder-for-hire, and causing death with a firearm during and in relation to a crime of violence. They were tried jointly for the murder-for-hire of real estate broker Lee. The Court permitted the Government to introduce Stillwell's post-arrest confession in which he admitted that he was in the van when Samia shot and killed Lee. Stillwell confessed that he was only the driver and that it was Samia who killed Lee. *Samia v. U.S.*, 599 U.S., at 640. Before the trial, the government moved *in limine* to admit Stillwell's redacted confession, which removed Samia's name while avoiding obvious indications of redaction. Rather than identifying Samia by name, the agent recounting the confession used the descriptor the "other person." *Id.* at 641. During the agent's testimony, the District Court instructed the jury that the agent's testimony was admissible only against Stillwell and should not be considered as to Samia and Hunter. The District Court again provided a

similar limiting instruction before the jury deliberated. Samia and his co-defendants were convicted on all counts. *Id.* at 642.

On the appeal, Samai argued that the admission of Stillwell's redacted confession, even with a limiting instruction, was unconstitutional because other evidence and statements at trial led the jury to conclude that the "other person" mentioned in the confession was Samai himself. The Supreme Court rejected Samia's arguments. The court held that omitting the defendant's name and substituting it with "another person," along with a limiting instruction, is usually sufficient to allow the introduction of a codefendant's confession. *Id.* at 646. It pointed out that "jurors can be relied upon to follow the trial judge's instructions." *Id.* The Supreme Court went on to distinguish *Bruton* from *Samia*. It explained:

> In *Bruton v. United States*, this Court recognized a narrow exception to the presumption that juries follow their instructions, holding that a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial even with a proper instruction. In *Richardson v. Marsh*, the Court declined to extend Bruton further to confessions that do not name the defendant.

*Id.* at 647. The Court noted that there are different implications for "confessions that directly implicate a defendant and those that do not do so directly." *Id.* at 612. It pointed out that the confession in *Bruton* directly or expressly "implicated Bruton by name," while the redacted confession in *Richardson* "inculpated the defendant only when viewed in conjunction with other evidence." *Id.* at 650. The Court concluded that "Stillwell's confession was redacted to avoid naming Samia, satisfying *Bruton's* rule. And, it was not obviously redacted in a manner resembling the confession in *Gray*; the neutral references to some 'other person' were not akin to the obvious blank or word 'deleted.'" *Id.* at 153. In this case, the redactions are akin to the redactions in *Samia*. In

addition, the proposed limiting jury instruction instructing jurors to consider the confession as evidence only against the confessor codefendant will provide Lewis with further protection, for it is assumed that jurors follow their instructions. *Id.*

Significantly, the Supreme Court in *Samia* expounded that it "would not have been feasible to further modify Stillwell's confession to make it appear, as in *Richardson* that he had acted alone, Stillwell was charged with conspiracy and did not confess to shooting the real estate broker. Consequently, the evidence of coordination between Stillwell and Lee's killer (whether Samia or not) was necessary to prove an essential element of the Government's case. In addition, editing the statement to exclude mention of the 'other person' may have made it seem as though Stillwell and Lee were alone in the van at the time Lee was shot. Such a scenario may have led the jurors—who sat in judgment of both Samia and Stillwell —to conclude that Stillwell was the shooter, an obviously prejudicial result." Similarly, in this case, the Defendants have been charged with conspiracy, aiding, and abetting. Thus, modifying Garcia's statement to appear as if he acted alone would contradict the evidence. Doing so could present an inaccurate and possibly prejudicial representation of the facts. Based on *Samia*, redactions to avoid any semblance of a conspiracy are unnecessary, particularly in a conspiracy case, further limiting the *Bruton* rule and reinforcing that *Bruton* is a "narrow exception."

The modifications proposed by the People are more similar to those in *Samia, Richardson*, and the hypothetical example in *Gray.* Lewis's contention that the redacted confession will implicate Lewis in the criminal events of December 4, 2021, is not sufficient to justify severance. The Court in *Samai* cautioned that "neither Bruton, Richardson, nor Gray provides license to flyspeck trial transcripts in search of evidence that could give rise to a collateral inference that the defendant had been named in an altered confession." *Id.* at 637. Moreover, an "evidentiary linkage or contextual

implication may not be utilized to convert a non-*Bruton* admissible statement into a *Bruton* inadmissible statement." *Browne v. People of the Virgin Islands*, 56 V.I. at 222, citing *United States v. Belle*, 593 F.2d 487, 493 (3d Cir. 1979). Thus, the admission of codefendant Garcia's statement is not precluded merely because the Government may present evidence that links the statement to other evidence. *Id.*

Lewis's argument that a joint trial will permit the People to leverage a potential conviction against Lewis ignores United States Supreme Court precedent. Lewis takes the broad view that once a codefendant has made a confession, the cases should be severed. Not only is that not the rule, but joint trials are favored for pragmatic reasons. In *Richardson,* the Supreme Court rejected the view that courts must always sever multi-defendant trials when there is an incriminating confession of a codefendant, or the prosecution must forego the use of a codefendant confessions in joint trials. It reaffirmed its stance that joint trials play a vital role in the criminal justice system by promoting an efficient or just outcome and stated that:

> It would impair both the efficiency and the fairness of the criminal justice system to require, in all cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability – advantages which sometimes operate to the defendant's benefit. Even apart from the tactical considerations, joint trials generally serve the interest of justice by avoiding the scandal and inequity of inconsistent verdicts. The other way of assuring compliance with an expansive *Bruton* rule would be to forego use of codefendant confessions. That price is also too high, since confessions are more than merely desirable; they are essential to society's compelling interest in finding, convicting, and punishing those who violate the law.

*Richarson*, at 209-210 (internal citations omitted). In *Samia*, the Supreme Court again rejected the position advocated by Lewis. It reiterated that severance is not mandated whenever the prosecution wishes to introduce the confession of a nontestifying codefendant in a joint trial as it is "too high a price to pay." *Id.* at 654. The *Samia* Court went on to further state that "[j]oint trials have long played a vital role in the criminal justice system preserving government resources and allowing victims to avoid repeatedly reliving trauma." Joint trials also "encourage consistent verdicts and enable more accurate assessments of relative culpability." *Id.* In conspiracy cases, joint trials allow the jury to fully assess the extent of the conspiracy and prevent the government from being put at a tactical disadvantage due to the disclosure of its case. *United States v. Jaghama*, 2023 U.S. Dist. LEXIS 210849 *2 (ED Pa 2023).

Next, Defendant argues that severance is warranted because even though the evidence on the record supports the finding that the robbery and shooting occurred, there is "virtually no evidence linking him to the crimes asserted." Lewis asserts that a laboratory report provided by the government doesn't support a finding that Lewis contributed to the DNA sample or, in the alternative, gives him a low percentage of a possibility that he contributed to other DNA results. Namely, he avers that most items in the report indicate that there is limited support for exclusion, and only one item indicates moderate support for inclusion of Lewis's contribution to the DNA sample. In sum, Lewis argues that because the People are likely to introduce the Garcia's confession and introduce DNA evidence linking at least some co-defendants to the crimes, the "prejudicial spillover" risk would become so great that denying severance would be equal to denying Lewis a fair trial and facilitating "a miscarriage of justice." According to Lewis, "the jury will not be able to compartmentalize the evidence against only the defendant against whom it is presented," therefore, severance is appropriate

in the case at hand. In opposing Lewis's motion, the People argue that there is sufficient DNA evidence implicating Lewis. With regards to the DNA report, the People contend that "there is at very least some evidence that Defendant Lewis's DNA is on both the weapon left behind at the scene of the robbery and inside and outside the stolen minivan used to commit the robbery."

As the trier of fact, it is for the jury to consider the relevant and competent evidence presented by the parties to support the guilt or innocence of a defendant. It is also for the jury to decide what weight to give the evidence presented. Moreover, "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro v. United States,* 506 U.S. 534, 540, 113 S.) Ct. 933, 938, 122 L. Ed. 2d 317, 326 (1993). In *United States v. Somers*, 496 F.2d 723 (3d. Cir, 1974), the defendants argued on appeal that they were prejudiced by the fact that the Government's evidence against other defendants was much more substantial than the evidence introduced against them. Finding the argument to be without legal significance, the Third Circuit held that "a defendant is not entitled to a severance merely because the evidence against a co-defendant is more damaging than the evidence against the moving party." *Id. at 730.* Besides, any potential prejudice to Lewis can be mitigated with proper jury instructions. *People v. Virgin Islands v. Stephens*, No. ST-16-CR-377, 2018 V.I. LEXIS 94, *3-5(V.I. Super. Ct. Sept. 12, 2018).

## IV.    CONCLUSION

Although a defendant is entitled to a fair trial, he is not entitled to a perfect one. *Samia v. U.S,* 599 U.S. at 648. Moreover, the "Confrontation Clause ensures that defendants have the opportunity to confront witnesses against them, but it does not provide a freestanding guarantee against the risk of potential prejudice that may arise inferentially in a joint trial." *Id.* at 655. Here, Lewis has not

shown he will suffer undue prejudice absent severance. Essentially, his position is that the cases should be severed because severance will reduce his chance of being convicted. This is not a justifiable basis to sever the trials. Moreover, as discussed above, there is a strong public interest in a joint trial in the instant case. There are two overarching criminal activities here—the murder committed in the course of robbery and the common criminal conspiracy. The codefendants face similar charges. As it relates to each codefendant, the evidence to be introduced, witnesses to be subpoenaed, and arguments to be made to the jury are likely to be the same or to have substantial overlap. Lewis has not provided any compelling reason for the court not to try the alleged co-conspirators together. He has not shown that a joint trial will prevent the jury from making a reliable judgment. The *Bruton* concerns raised by Lewis can be addressed through redactions and by giving an appropriate limiting instruction to the jury if the People seek to introduce Garcia's statement at trial and Garcia does not testify. *See also Romero v. Beard*, 2024 U.S. Dist. LEXIS 80921 (E.D. Pa. May 2, 2024) (rejecting Confrontation Clause violation argument where the defendant's name was replaced with the neutral phrase "the other guy" and the trial court gave a limiting instruction to the jury). Trying all the defendants together in a joint trial will be more efficient and serve the interests of justice. Accordingly, for the above-stated reasons, Lewis's motion to sever is denied.

Dated: <u>July 25, 2024</u>

**Carol Thomas-Jacobs**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Latoya Camacho
Court Clerk Supervisor 7 / 25 / 2024